**E-FILED**
Monday, 08 May, 2017 02:11:18 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHRISTOPHER L. PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 17-CV-1115 |
| | ) | |
| LISA MADIGAN, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| TIMOTHY NELOMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 17-CV-1118 |
| | ) | |
| LISA MADIGAN, | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| RICHARD DELEON, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | 17-CV-1119 |
| | ) | |
| LISA MADIGAN, | ) | |
| Defendant. | ) | |

**MERIT REVIEW ORDER**

These cases are before the Court for a merit review of the plaintiffs' claims. The Court is required by 28 U.S.C. § 1915A to "screen" the plaintiffs' complaints, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

In these three cases, the plaintiffs, purporting to proceed *pro se* under 42 U.S.C. § 1983, have sought review of orders of the Illinois Parole Board denying them release on

parole or supervised release. They claim that the Board denied parole or release because they are unable to afford or find a suitable place to live during their term of parole or mandatory supervised release.

The court lacks jurisdiction to proceed in these cases and, accordingly, they will be dismissed for lack of jurisdiction. The Illinois Supreme Court case of *Hanrahan v. Williams*, 174 Ill. 2d 268, 673 N.E.2d 251 (1996) illustrates the procedure under Illinois law for the judicial review of a ruling of the Illinois Parole Board. Under the rationale of the decision of the United States Supreme Court in *Heck v. Humphrey*, 512 U.S. 477, 114 S.Ct. 2364 (1994), it is necessary to exhaust all state remedies before the federal courts can exercise jurisdiction. These plaintiffs have failed to exhaust those remedies. Accordingly, their cases are dismissed for lack of jurisdiction.

IT IS THEREFORE ORDERED:

1. Plaintiffs' complaints are dismissed for lack of jurisdiction. The cases are closed.

2. Each plaintiff must still pay the full docketing fee of $350 even though his case has been dismissed. The agency having custody of the individual plaintiff shall continue to make monthly payments to the Clerk of Court, as directed in the Court's prior order.

3. If the individual Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal in forma pauperis MUST set forth the issues the individual plaintiff plans to present on appeal. See Fed. R. App. P. 24(a)(1)(C). If the individual plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 8th day of May, 2017.

/s/ Harold A. Baker
_____
HAROLD A. BAKER
United States District Court